[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On March 5, 1993, Connecticut Appliance Kitchen Distributors, Inc., filed a complaint against Waterside Associates (Waterside), Arthur Collins, and Arthur Emil, which complaint alleges the following facts. Waterside is a partnership consisting of the individual defendants. On May 28, 1991, the plaintiff obtained a judgment of $44,414.48 against Waterside in the Judicial District of Danbury. The judgment remains wholly unsatisfied and Waterside is without sufficient assets to satisfy it. The complaint does not contain a prayer for relief but does include a "Statement of Amount in Demand."
This matter was referred to John Dowling, an Attorney Trial Referee. On May 5, 1995, the referee filed his report which states that "the complaint does not set forth a prayer for relief, a cause of action or any basis for a judgment in favor of the Plaintiff. Judgment should enter for the Defendants Emil and Collins. "
On May 11, 1995, the plaintiff filed a motion to correct the referee's report. The referee subsequently filed a corrected report on July 7, 1995. This report concludes that "the Defendants are liable to the Plaintiff, by reason of the matters alleged in the Complaint, in the sum of $44,414.48 plus judgment interest from May 28, 1991."
On July 21, 1995, the defendants filed a motion to correct the corrected report. The motion requested five corrections. On August 14, 1995, the court, Riefberg, J., granted the defendants' motion and referred the case back to the referee.[1] On January 13, 1998, the plaintiff filed a "Motion to Revoke Referral to Attorney Trial Referee" and a "Motion to Accept Report and Corrected Report of Attorney Trial Referee." These motions were based upon the ground that the referee had not responded to the defendants' motion to correct despite repeated requests to do so. In their objections to these motions, the defendants represented that the referee's son informed Assistant Clerk, Mark Shea, that the referee had retired from the practice of law and would not be able to complete his service as Attorney Trial Referee. On April 30, 1998, however, the referee filed a correction to the CT Page 1638 corrected finding. The referee's correction reaffirmed the corrected finding on the ground that the defendants' special defense of waiver was without merit. The referee did not address the other corrections that had been requested by the defendants.
On May 11, 1998, the defendants filed a motion to correct, an objection to the acceptance of the corrected report, and a motion for exceptions. Oral arguments regarding these motions and the plaintiff's motion to accept dated January 13, 1998 were heard by the court, Moraghan J., on November 2, 1998. The plaintiff withdrew its motion to revoke during these arguments.
Under this convoluted factual predicate, the retirement of the referee and the multiple inconsistencies herein, this court, sua sponte, vacates the previous findings, as well as the reference and returns the case to the trial docket for assignment to a different Attorney Trial Referee or to a Superior Court Judge as the parties may determine for a hearing de novo.
______________________ Moraghan, J.